**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| IBRAHIMA DIALLO, | No. 18-70974 |
| Petitioner, | Agency No. A209-939-181 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2019[**]

Before:     LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Ibrahima Diallo, a native and citizen of Guinea, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). We grant the petition for review and we remand.

Substantial evidence does not support the agency's adverse credibility determination because it was based on a trivial inconsistency and an omission from a credible fear interview that is unsupported by the record. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (adverse credibility finding not supported under the totality of circumstances). Further, the IJ failed to address Diallo's explanation as to an omission from his asylum application. *See Zhi v. Holder*, 751 F.3d 1088, 1092-93 (9th Cir. 2014) (IJ must consider and address all plausible and reasonable explanations).

Thus, we grant the petition for review and remand Diallo's asylum, withholding of removal, and CAT claims to the agency for determination of the merits. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**

18-70974